UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| PHILEMON ALEXANDER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 2:23-CV-113 |
| | ) | |
| vs. | ) | |
| | ) | |
| KIRT STILLWAGON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND REPORT AND RECOMMENDATIONS**

Plaintiff has filed a pro se Complaint [Doc. 2] and an accompanying Motion [Doc. 1] in which he asked to proceed *in forma pauperis*. On November 11, 2023, this Court issued an Order requiring Plaintiff to supplement his motion to proceed *in forma pauperis* with a certified copy of his inmate trust account in accordance with 28 U.S.C. § 1915(a)(2). [Doc. 8].

In considering Plaintiff's request to proceed *in forma pauperis*, the Court conducted an initial review of the allegations in Plaintiff's Complaint. In doing so, the Court noted that Plaintiff did not provide a sufficient factual basis to support any of his claims but observed that Plaintiff could potentially set forth a colorable claim against the defendants under 42 U.S.C. § 1983 if he provided a more fully developed factual basis. Given that Plaintiff was representing himself, the Court found it appropriate to provide him with an opportunity to file an amended complaint to address the noted deficiencies in his Complaint. [Doc. 9].

Plaintiff then filed three supplements to his Motion to proceed *in forma pauperis*, [Docs. 10, 11, 13], an Amended Complaint, [Doc. 14], two supplements to his Amended Complaint [Docs. 15, 16], and a letter [Doc. 12]. Pursuant to 28 U.S.C. § 636 and the standing orders of this

Court, the Motion to proceed *in forma pauperis* is now before the United States Magistrate Judge for adjudication, and the Amended Complaint is before the Court for a Report and Recommendation.

I.     *IN FORMA PAUPERIS* MOTION

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The statute allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992).

The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). To proceed *in forma pauperis*, a plaintiff must show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. §1915(a). At the same time, one need not be destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins,* 335 U.S. at 342. An affidavit to proceed *in forma pauperis* is sufficient if it demonstrates that the requesting party cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, the Court has considered Plaintiff's Application to Proceed Without Prepayment of Fees and his economic status in deciding whether to grant leave to proceed *in forma pauperis*. The application and supplemental filings set forth grounds for so proceeding; thus, the Motion to Proceed *in forma pauperis* [Doc. 1] is **GRANTED**. Because Plaintiff is an inmate, he is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is

**DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Greeneville, TN 37743, twenty percent (20%) of Plaintiff's preceding month's income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2). The Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. *Gibson*, 915 F.2d at 262-63; *see also Harris v. Johnson*, 784 F.2d 222 (6th Cir. 1986). **The Clerk shall not issue process, however, at this time for reasons stated below.**

Under the Prisoner Litigation Reform Act ("PLRA"), district courts must also screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are brought against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999); *see also Neitzke*, 490 U.S. 319. The dismissal standard articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). To survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe *pro se* pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court now undertakes its role in screening Plaintiff's Amended Complaint [Doc. 14].

## II. FACTUAL ALLEGATIONS

Plaintiff is a pro se prisoner who is currently in custody pending trial on state charges in Washington County, Tennessee. *See* [Doc. 16, p. 1]. In the present lawsuit, Plaintiff has alleged that Defendants have violated various of his constitutional rights during his arrest and prosecution which began on December 28, 2022, in Johnson City, Tennessee. [Doc. 14, p. 2-4, 6]. In support of his claim against Defendants, Plaintiff asserts that he and his wife were pulled over in their car by Defendant Kirt Stillwagon ("Officer Stillwagon") in Johnson City on December 28, 2022. *See* [Doc. 14, p. 14-15]. He also references Defendant William Saulsbury ("Officer Saulsbury") being on the scene. *Id.* at 19. Plaintiff contends that he initially gave officers on the scene consent to search the vehicle but that the consent was involuntary, and although he later tried to withdraw his consent, his efforts were ignored by officers. *Id.* at 19-21. The officers ultimately uncovered a firearm under the hood of the vehicle and then arrested Plaintiff. *See id.* at 34, 55. It appears that Plaintiff was arrested and charged with felon in possession of a firearm and driving on a cancelled, suspended, or revoked license. [Doc. 14-4]. Plaintiff is now suing the officers involved in his arrest for various constitutional rights violations, including for arresting him without probable cause and fabricating evidence at his preliminary hearing.

In his Amended Complaint, Plaintiff adds Equal Protection and cruel and unusual punishment claims based on allegedly disparate disciplinary action he received based on his race and unsanitary prison conditions at the Washington County Detention Center. [Doc. 14, p. 62-65]. He further contends that he has been denied adequate medical treatment at the facility. *Id.* at 64. Plaintiff expands on these claims in a separate filing, wherein he asks the Court whether he should include the allegations contained in the filing in his current lawsuit or, instead, file a separate complaint. [Doc. 16].

### III. LEGAL ANALYSIS

#### a. *Leniency afforded to pro se litigants*

In undertaking the present review, the Court liberally construes Plaintiff's claims because he is proceeding pro se. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). Even under this lenient standard, a claim will be dismissed if it is frivolous, meaning it lacks "'an arguable basis either in law or fact.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke,* 490 U.S. at 325). For a complaint to survive the §1915 screening process, it "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Zelesnik v. GE Healthcare*, No. 1:18-CV-2443, 2018 WL 5808749, at *1 (N.D. Ohio Nov. 6, 2018) (quoting *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010)). This being the case, the Court will not "conjure allegations on a litigant's behalf" to help a pro se litigant survive the §1915 screening process. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). This limitation helps courts avoid "'transform[ing] . . . from their legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies. . . .'" *Profitt v. Divine Sol.*, No. 3:10-CV-311-S, 2010 WL 2203310, at *1 (W.D. Ky. May 27, 2010) (quoting *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985)).

#### b. *Plaintiff's claims arising from his arrest and prosecution*

In his Amended Complaint, Plaintiff challenges his arrest, confinement, and actions taken during his prosecution under various provisions of the U.S. Constitution, claims which are brought in federal court under 42 U.S.C. § 1983. Plaintiff asserts that officers violated his constitutional rights while arresting him and later fabricating evidence during pretrial proceedings. However, a claim under 42 U.S.C. § 1983 is not the appropriate vehicle by which to challenge the validity of a plaintiff's confinement. *Reese v. Gorcyca*, 55 F. App'x 348 (6th Cir. 2003). The Court may not

rule on a claim which would render a plaintiff's confinement invalid "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). This is true whether the plaintiff has already been convicted of a crime or is being detained pending trial. *Williams v. Penman*, No. 2:19-CV-12505-TGB, 2020 WL 978353, *3 (E.D. Mich. Feb. 28, 2020) (collecting cases). The rule also applies regardless of the relief sought. *Id.* (citing *Heck*, 512 U.S. at 487-89). In this case, Plaintiff is being detained pending trial and is challenging the validity of his confinement by filing suit against the officers involved in his arrest. If the charges against Plaintiff are dismissed or if he is convicted and the conviction is later invalidated, then Plaintiff may bring a § 1983 claim. *See Reese*, 55 F. App'x 348. However, at this juncture Plaintiff's claims are premature.

### c. *Plaintiff's claims arising from prison conditions and disciplinary action at Washington County Detention Center*

In his Amended Complaint and a supplement filed in support, Plaintiff alleges that: 1) he has experienced unsanitary conditions at the facility where he is being housed; 2) he has been treated unfairly because disciplinary action had been taken against him based on his race; and 3) he has been denied appropriate medical care. Because these claims are not related to the allegations in original complaint, Plaintiff should not have included them in his Amended Complaint nor filed supplemental document, which reads more like a separate complaint. *Hetep v. Warren*, 27 F. App'x 308, 309 (6th Cir. 2001) (affirming denial of motion to amend complaint where proposed amended complaint included new, unrelated claims against new defendants). As such, this Court recommends dismissal without prejudice of Plaintiff's claims arising from conditions at, and disciplinary action taken by, the Washington County Detention Center. If Plaintiff wishes to proceed with those claims, he should file a separate complaint after first exhausting all available administrative remedies. 42 U.S.C. § 1997e(a).

## IV. CONCLUSION

For reasons stated above, the undersigned **RECOMMENDS** that Plaintiff's Amended Complaint [Doc. 14] be **DISMISSED without prejudice** because his claims arising from his arrest and prosecution are premature, and his claims against the Washington County Detention Center are unrelated to his original complaint.

This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 195 F.2d at 263, wherein the Court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.[1]

**SO ORDERED AND RESPECTFULLY SUBMITTED:**

/s/Cynthia Richardson Wyrick
United States Magistrate Judge

---

[1] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).