UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

PHILEMON ALEXANDER,                )
                                   )
                Plaintiff,         )
                                   )
v.                                 )        No. 2:23-CV-00113-JRG-CRW
                                   )
KIRT STILLWAGON, et al.,           )
                                   )
                Defendants.        )

**ORDER**

This is a prisoner's pro se civil rights action for violation of 42 U.S.C. § 1983. Before the

Court is the Magistrate Judge's Report and Recommendation [Doc. 17], recommending that the

Court dismiss the Amended Complaint without prejudice, and Plaintiff's Objection to the Report

and Recommendation [Docs. 19, 20]. As discussed below, the Court **OVERRULES** Defendant's

Objection and **ADOPTS IN FULL** the Magistrate Judge's Report and Recommendation.

I.      **BACKGROUND**

In November 2023, Plaintiff filed a Complaint, alleging that officers violated his

constitutional rights during his arrest and prosecution which began on December 28, 2022, in

Johnson City, Tennessee. [Doc. 2]. Plaintiff also requested permission to proceed in forma

pauperis. [Doc. 1]. Subsequently, Plaintiff filed an Amended Complaint [Doc. 14] and supporting

supplements [Docs. 15, 16], in which he added constitutional claims based on jail conditions at the

Washington County Detention Center. [Doc. 14 at 62–65].

On December 21, 2023, the Magistrate Judge granted Plaintiff's in forma pauperis motion

and issued a Report and Recommendation, screening the Amended Complaint. [Doc. 17]. In the

Report and Recommendation, the Magistrate Judge concluded that Plaintiff's claims arising from

his arrest and prosecution were premature because the criminal case underlying those claims was

still pending. [*Id.* at 6]. The Magistrate Judge also recommended that Plaintiff's jail conditions claims be dismissed because they were unrelated to Plaintiff's original claims and should have been filed in a separate complaint. [*Id.*]. Plaintiff timely filed an Objection to the Report and Recommendation. [Docs. 19, 20].

## II. DISCUSSION

Under Title 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1), magistrate judges are authorized to make recommendations concerning dispositive motions that have been referred to them. Within fourteen days after being served with a copy of the report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

This Court must conduct a *de novo* review of those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C). "The district court is not required to review – under a de novo or any other standard – 'any issue that is not the subject of an objection.'" *Dickson v. Green Dot Pub. Sch.*, No. 22-cv-2070, 2022 U.S. Dist. LEXIS 157139, at *5 (W.D. Tenn. Aug. 31, 2022) (quoting *Thomas v. Arn*, 474 U.S. 140, 150 (1985)). After reviewing the evidence, this Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Here, Plaintiff does not object to the Magistrate Judge's finding that his jail conditions claims should have been filed in a separate complaint. [Doc. 19 at 1]. However, he contends that his claims arising from his arrest and prosecution should not be dismissed because he has proof that his rights have been violated. [*Id.* at 2–16]. In support of the Objection, Plaintiff has submitted exhibits that he believes show that officers fabricated evidence against him. [Doc. 19-1].

2

Regardless of whether Plaintiff's claims arising from his arrest and prosecution have merit, they are premature under *Heck v. Humphrey*, 512 U.S. 477 (1994). The *Heck* doctrine bars a plaintiff's § 1983 claim if a judgment in favor of that plaintiff "would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. The Sixth Circuit has held that *Heck* applies to § 1983 suits by criminal defendants who are pending trial. *See Gorenc v. City of Westland*, 72 F. App'x 336, 339 (6th Cir. 2003) (quoting *Beck v. City of Muskogee Police Dep't,* 195 F.3d 553, 557 (10th Cir. 1999)) ("*Heck* precludes §1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges."). Here, Plaintiff's § 1983 claims are related to his pending charges. And a judgment in his favor on the § 1983 claims would necessarily imply the invalidity of any criminal conviction that might result from his pending charges. Unless Plaintiff's criminal charges are dismissed or otherwise invalidated on appeal, his claims related to his arrest and prosecution cannot be raised in a § 1983 suit.

## III.   CONCLUSION

For the reasons discussed above, the Court agrees with the Magistrate Judge that Plaintiff's claims arising from his arrest and prosecution are barred under the *Heck* doctrine. Therefore, the Court **OVERRULES** Defendant's Objection [Docs. 19, 20] and **ADOPTS IN FULL** the Magistrate Judge's Report and Recommendation [Doc. 17]. The Amended Complaint [Doc. 14] is hereby **DISMISSED without prejudice**.

An appropriate judgment shall enter.

So ordered.

ENTER:

s/J. RONNIE GREER

UNITED STATES DISTRICT JUDGE